## JOHNSTON et ux. v. MORALES et al.
### (No. 8232.)

Court of Civil Appeals of Texas. San Antonio.
June 19, 1929.

Rehearing Denied July 24, 1929.

W. E. Pope, of Corpus Christi, and H. S. Bonham, of Beeville, for appellants.

Tarlton & Lowe, Sidney P. Chandler, and Kleberg & North, all of Corpus Christi, for appellees.

FLY, C. J. This suit was filed by I. Morales against R. L. Johnston and wife, appellants herein, to recover the sum of $15,-000, alleged to be due him for labor and material furnished in the erection of a certain two-story apartment building in Corpus Christi. He alleged a contract with appellants to build the apartment, and in the alternative sought to recover a quantum meruit for the labor and material used in erecting the building at the request of appellants. Appellants' original answer does not appear in the record, but in the first amended answer set up their defenses and pleaded a cross-action against the Pickering Lumber Company and Sam Bass, trustee in a deed of trust given by appellants to said lumber company. The lumber company and Sam Bass, trustee, set up a cross-action against appellants.

There is some confusion as to the pleadings of appellants, as there are two pleadings denominated first amended original answer, one containing a cross-action against the lumber company and Bass and the other containing a cross-action, not only against the two parties named, but also against Morales. In addition to the pleadings mentioned, appellants filed a "second amended original answer and cross-action to pleading of Morales," and a "second amended original answer and cross-action to pleading of Sam Bass & Pickering Lumber Company." There are several supplemental answers and an answer of appellants to the intervention of F. A. Nord. In addition to the answers and cross-actions of appellants they filed an admission, as follows:

"Now comes R. L. Johnston and Mrs. R. L. Johnston, defendants in the above styled and numbered cause, and at the conclusion of the evidence herein, and before the preparation of the Court's charge, admit that under the evidence as introduced herein, they are liable in this suit to some one to the amount of $4,500.00, the same being the contract price for which plaintiff, I. Morales, agreed to construct said building according to certain plans and specifications; they further admit that under the evidence such contract has been established, and that they are therefore liable for the contract price of said building, less such deductions as should be made by reason of defects in the construction of said building, plus the reasonable value or cost of any such changes from the plans and specifications as were required by them to be made.

"H. S. Bonham,
"Attorney for Defendants, R. L. Johnston and Mrs. R. L. Johnston.

The facts alleged as to the contract were denied by Morales, and he abandoned his count based on the contract, and was permitted by the court to dismiss as to a cause of action based on the contract. The cause was submitted to a jury through special issues, and upon the answers thereto he rendered the following judgment:

"It is therefore considered by the Court, that the defendant, Pickering Lumber Com-

452

pany, do have and recover of the said defendants, Richard L. Johnston and Elsie B. Johnston, the sum of Six Thousand, Two Hundred Sixty-three and 67/100 ($6,263.67) Dollars, being principal, interest and attorneys fees due on said Four Thousand, Five Hundred ($4,500.00) Dollar note above described, with interest on Five Thousand, Six Hundred Ninety-four and 25/100 ($5,694.25) Dollars of said amount, at the rate of Ten (10%) per cent. per annum, from December 15th, 1928, until paid, and with interest on the sum of Five Hundred Sixty-nine and 42/100 ($569.42) Dollars of said amount, at the rate of six (6%) per cent. per annum from December 15th, 1928, until paid, and it is Ordered, Adjudged and Decreed by the Court that the Builder's, Mechanic's, Materialman's and Laborer's and Deed of Trust lien as it existed on the 8th day of April, A. D. 1926, given to secure said note, on the above described property, be, and the same is hereby, foreclosed.

"It is further Ordered, Adjudged and Decreed by the Court, that the defendant Pickering Lumber Company do have and recover of the said defendants, Richard L. Johnston and Elsie B. Johnston the sum of Four Thousand, One Hundred Twenty-two and 25/100 ($4,122.25) Dollars, being principal, interest and attorneys' fees due on the said note in the sum of Three Thousand ($3,000.00) Dollars, with interest on the sum of Three Thousand, Seven Hundred Forty-seven and 50/100 ($3,747.50) Dollars of said amount at the rate of ten (10%) per cent. per annum, from December 15th, 1928, until paid, and with interest on the sum of Three Hundred Seventy-four and 75/100 ($374.75) Dollars of said amount at the rate of six (6%) per cent. per annum from December 15, 1928, until paid, and that the Builder's, Mechanic's, Materialman's and Laborer's Lien and Deed of Trust lien given to secure said note as it existed on the 1st day of June, A. D. 1926, on the hereinbefore described property, be, and the same is hereby foreclosed:

"And it is further Ordered, Adjudged and Decreed by the Court that the defendant, Pickering Lumber Company, do have and recover of and from the defendants, Richard L. Johnston and Elsie B. Johnston, the sum of Two Thousand, Three Hundred Twelve and 51/100 ($2,312.51) Dollars due on its account for labor and material furnished, with interest thereon from December 15th, 1928, at the rate of six (6%) per cent. per annum, and that there be, and there is hereby, declared, established and foreclosed, as it existed on the 3rd day of December, A. D. 1926, a Builder's, Mechanic's and Materialman's lien on the property hereinbefore described to secure and enforce the payment of said sum:

"And it is further Ordered, Adjudged and Decreed by the Court that the plaintiff, I. Morales, do have and recover of and from the defendants Richard L. Johnston and Elsie

B. Johnston, the sum of Four Hundred Thirty ($430.00) Dollars, with interest thereon at the rate of six (6%) per cent. per annum from December 15th, 1928, and that there be, and is hereby, established, declared and foreclosed, a Builder's, Contractor's and Laborer's Lien on the property hereinabove described, to secure and enforce the payment of said sum:

"And it is further Ordered, Adjudged and Decreed by the Court that the Intervener, F. A. Nord, do have and recover of and from plaintiff, I. Morales, and the defendants, Richard L. Johnston and Elsie B. Johnston, the sum of Eight Hundred Seventy-five ($875.00) Dollars, with interest at the rate of six (6%) per cent. per annum from December 14th, 1926, and that there be, and is hereby, declared, established and foreclosed, a Contractor's, Materialman's, and Laborer's lien, as it existed on December 14th, 1926, on the property hereinbefore described, to secure and enforce the payment of said sum of money."

An order of sale of the property was awarded.

The statement of facts is unnecessarily voluminous, much of it filled with matter immaterial and without pertinency to any issue in the case. The material facts tersely stated are that appellants entered into a contract with one Carew to construct a building with seven apartments on their lot in Corpus Christi, at 1121 Laredo avenue, for the sum of $4,500, and to secure that sum executed to him their promissory note with a mechanic's lien to secure the same, and also executed to him a deed of trust on the property. The note was transferred by Carew to the Pickering Lumber Company, a corporation engaged in the lumber business, Sam Bass being its manager. The corporation delivered material to Carew on appellants' lot, in the sum of $1,674.55. Carew abandoned his contract. Mrs. Johnston then secured other bids, and accepted the bid of one Schutte. The evidence disclosed that the husband was compelled by his business to remain away from his home in Corpus Christi much of the time, and Mrs. Johnston was accustomed to attend his affairs in Corpus Christi. She had prepared another mechanic's lien and deed of trust with Schutte, Sam Bass being trustee in the trust deed. Mr. Johnston was in Dallas at the time, and Mrs. Johnston took the papers with her to Dallas, and there they were executed by appellants. They were given to secure Schutte, but he could not secure a required bond, and Anderson, who had drawn the papers, and Bluntzer, son-in-law of appellants, secured I. Morales to finish the construction of the apartment. The name of Schutte was erased in the instruments and that of I. Morales inserted, there being evidence to sustain the finding of the jury that the change was made with the knowledge and consent of Mrs.

Johnston. Morales transferred the $3,000 note, given by appellants, to the lumber company and immediately began work on the house, and shortly thereafter Mrs. Johnston returned and lived near the lot and watched its construction. The jury found and the evidence sustains the finding that the name of Morales was placed in the instruments in lieu of that of Schutte, and appellants by their presence and supervision of the work fully ratified the connection of Morales with the work. They had full knowledge of all that was being done with the house, took possession of it, and have been realizing revenue from it. They knew that the Pickering Lumber Company was furnishing the material and paying for the labor in the construction of the apartment house, and the jury was justified in finding that extra money and material were furnished by the lumber company at the instance and request of appellants. Mrs. Johnston was authorized to represent her husband, and he ratified her acts.

Appellants state in their brief that "we do not deem it necessary to set out all the assignments of error contained in appellants' amended motion for new trial, but deem it sufficient to set forth those assignments now urged as important and controlling in view of the whole record in the case." There are 61 assignments of error copied into the brief, under which there are 23 propositions. There are really only four or five material issues sufficiently important to require consideration: Did Morales build the apartment house with the knowledge and consent of appellants, and under their scrutiny and supervision? Did they know that the Pickering Lumber Company was furnishing money and material in excess of the amounts shown by the notes they had executed, and did they approve such action? Did they accept the building with full knowledge of all the facts surrounding its erection, and take possession of and use the same? These issues have been answered in the affirmative by the jury and the evidence. These are really the essential points in the case, but we have considered each proposition advanced.

■ Appellants through the first proposition represents that the court erred in permitting Morales to dismiss as to his count in setting up an express contract, and to recover on a quantum meruit. Doubtless Morales had the right to dismiss that part of his action based on a contract, which appellants contended that they had not executed, and there is no showing of any kind that such dismissal could in any manner have injured appellants. Under the original pleadings Morales could have proven that certain amounts were due him under a quantum meruit. The proposition is overruled.

■ Appellants present a grievance because their antagonists were permitted to cross-examine certain witnesses. What was elicited by the cross-examination is not set out, and it is impossible to ascertain what were the questions and answers and decide whether they could have damaged appellants. It was within the discretion of the district judge to permit the cross-examination, and, in the absence of any appearance of abuse of the discretion or any showing of injury to appellants, this court cannot revise the action of the trial judge. The question is purely theoretical and academic.

The third, fourth, fifth, sixth, sixth a, and subsidiary propositions are without merit and are overruled. The evidence showed that appellants authorized the change of the name of the payee in the lien and note, and a ratification of the same.

■ It may be admitted that the witness should not have been allowed to testify that "the lady of the house ninety-nine times out of a hundred picks out the plumbing fixtures," but it was unimportant in view of the fact that the plumbing was done with the knowledge and acquiescence of Mrs. Johnston, and that appellants are using and benefiting by such use.

The seventh proposition is very general and indefinite and should not be considered. There is however no merit in the proposition, and it is overruled.

■ The eighth, ninth, tenth, and eleventh propositions claim error in allowing the proof in regard to the value of materials furnished by Morales in addition to those furnished by the lumber company, and insist that no recovery should have been had except on the $4,500 contract, which contract appellants insisted had never been executed by them and consequently had no existence. They are willing to accept the benefits arising from the material and labor furnished, but, when they ascertained they would be forced to pay something for the apartment, took up the contract denounced by them and discarded by Morales, and sought to make it the basis of a settlement. The propositions are overruled.

The court properly refused the various special charges requested by appellants, and the twelfth, thirteenth, and fourteenth, twenty-first and twenty-second propositions are overruled. All pertinent issues were presented by the court.

The fifteenth and sixteenth propositions are reiterations of matters in other propositions which have been disposed of herein, and they are overruled.

The plumbing was placed in the apartment with the knowledge and consent of appellants; they have used it since placed there and should be compelled to pay for it. The seventeenth, eighteenth, and nineteenth propositions are overruled.

Issue No. 5 was not upon the weight of the evidence, and the court did not err in overruling objections to it offered by appellants, and the twentieth proposition is overruled.

There is no fundamental error shown by

the twenty-third assignment of error, and it is overruled.

As this opinion would have been unduly long and tedious if every proposition had been fully discussed, we have refrained from such discussion, although each one of them has been carefully considered. The ·case seems to be one with a few simple issues in which the ends of justice have been attained, and the judgment will be affirmed.